IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

C.P., by his mother and next friend, MARIE PARKER,

    Plaintiff,

v.

ARCADE ZONE FUN PARK LLC.

    Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

COMES NOW, the Plaintiff, C.P., by his mother and next friend, MARIE PARKER, through undersigned counsel, sues ARCADE ZONE FUN PARK LLC. and states as follows:

## PARTIES

1. C.P. ("Plaintiff") is an eleven-year-old boy who resides in Broward County with his mother and father, and loves spending time with his friends, playing basketball, and jumping on trampolines

2. Marie Parker is C.P.'s mother and natural guardian, who resides with C.P. in Broward County and is *sui juris*.

3. The Defendant, ARCADE ZONE FUN PARK LLC (hereinafter "ARCADE ZONE") is a Florida Limited Liability Company, licensed, and doing business in Broward County, Florida. ARCADE ZONE is located at 10064 W. Oakland Park Blvd, Sunrise, FL 33351. ARCADE ZONE's main attractions include an arcade, mazes, anti-gravity sports arena, and a climbing zone, and as such, is a place of public accommodation pursuant to 42 U.S.C. § 12181.

4. This court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 for the Plaintiffs' claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181. In this action, the Plaintiffs suffered injuries and now seek injunctive relief.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because (a) the Defendant is in this judicial district, and (b) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred and are occurring within this judicial district.

## **FACTUAL ALLEGATIONS**

6. C.P. is an eleven-year-old boy who was born on January 8, 2013.

7. C.P. lives with severe allergies that prevent him from safely consuming food containing eggs, dairy, wheat, fish, and peanuts. When he ingests food containing these ingredients, C.P. has a cascade of significant symptoms which require emergency medical treatment. As a result, this substantially impairs the major life activities of eating, breathing, standing, and thinking. As such, he is a qualified person with a disability under Federal and Florida law.

8. ARCADE ZONE is C.P.'s favorite place to visit almost every weekend so much so, he and his friends went to ARCADE ZONE for his 10th birthday, on January 5, 2023.

9. Mrs. Parker brought C.P. and five of his friends to ARCADE ZONE to celebrate his 10th birthday. The gathering was not a formal birthday party organized through ARCADE ZONE, rather Mrs. Parker paid for all the children's tickets and food individually, totaling $194.04.

10. Upon buying the children's entrance tickets, Mrs. Parker purchased pizzas—the only food offered there—for the other children, except for C.P. due to his allergies disability. It is not a dietary preference for C.P. to avoid such foods—it is a medical necessity.

11. For C.P. to have food to eat during his birthday celebration, Mrs. Parker brought him french fries so C.P. could experience ARCADE ZONE alongside his peers.

12. As such, Mrs. Parker informed an employee of ARCADE ZONE that C.P. was unable to safely consume the food provided at the ARCADE ZONE because of his allergies and needed to have such accommodation.

13. Mrs. Parker was advised by an employee of ARCADE ZONE that she and C.P. would need to leave the premises immediately if C.P. was going to eat his outside food or rather, sit in an isolated room while he consumes his French fries.

14. Mrs. Parker requested to speak with a manager and repeated her request for a reasonable accommodation of bringing outside food into ARCADE ZONE, but the manager also communicated to C.P., in front of his peers and their parents, that he would need to immediately leave the premises if he was going to eat his outside, safe food.

15. The manager of ARCADE ZONE further stated that if Mrs. Parker wishes, she could pay a "$100.00 outside food fee" to allow her C.P. to eat French fries among his friends.

16. Upon being denied his outside food, C.P. was distraught and deeply hurt. C.P. was unable to comprehend why he was being excluded from completely enjoying his birthday with his friends.

17. After seeing C.P.'s rejection, Mrs. Parker felt like she had no other choice but to prematurely end the birthday party by leaving ARCADE ZONE. Upon learning that he had to leave his party early, C.P. felt crushed and thereafter, refused to attend any birthday parties or socialize with other children for over nine months.

18. This experience was deeply humiliating for then-ten-year-old C.P. Before his exclusion, C.P. was able to participate fully with his peers in confidence. After his exclusion and

because of ARCADE ZONE's callous and discriminatory conduct, C.P. felt less worthy than other children and embarrassed by his disability. It took C.P. an extremely long time to get over the humiliation and confusion of the day. It was the first time C.P. had felt inhibited by his food allergies.

19. C.P. and his family intend to return to ARCADE ZONE but C.P. remains unable to equally access all of the programming ARCADE ZONE offers.

20. Mrs. Parker, on behalf of C.P., retained the services of the Nova Southeastern University, Disability Inclusion and Advocacy Law Clinic and has agreed to pay them their reasonable fees and costs from this action.

### COUNT I - DENIAL OF A REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21. The Plaintiffs repeat and re-allege the paragraphs numbered 1 through 20 as restated herein.

22. Title III of the ADA prohibits discrimination based on disability by businesses and non-profit organizations that serve the public. 42 U.S.C. § 12182(a); *see also* 42 U.S.C. § 12181(7) (defining "public accommodation").

23. ARCADE ZONE is a place of public accommodations under Title III of the ADA because it is, *inter alia*, a "place of exhibition or entertainment," a "place of other establishment serving food or drink," a "place of public gathering, a "place of recreation." 42 U.S.C. § 12181(7).

24. C.P. is an individual with a disability because he is substantially limited in the major life activities of eating and breathing.

25. C.P. was qualified to visit ARCADE ZONE because he wanted to celebrate his birthday and participate in the arcade, mazes, anti-gravity sports arena, and climbing zone activities that it offers.

26. ARCADE ZONE excluded C.P. from its activities and denied him the opportunity to participate in and benefit from the services, facilities it provided in violation of 42 U.S.C. § 12182(b)(1)(A)(i) ("It shall be discriminatory to subject an individual… on the basis of a disability or disabilities… to a denial of the opportunity of the individual… to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.").

27. Discrimination includes "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

28. ARCADE ZONE must "make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the [entity] can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations." 28 C.F.R. 36.302(a).

29. ARCADE ZONE violated the Title III of the ADA by excluding C.P. from the full and equal enjoyment of the services and facilities of ARCADE ZONE on the basis of his disability and by refusing to modify its policies and practices.

30. Additionally, ARCADE ZONE subjected C.P. to discrimination by requiring a penalty or surcharge of $100.00 based upon C.P.'s need for an accommodation.

31. C.P. and his family visit ARCADE ZONE regularly and plan to return later this year as his 12th birthday is coming up, without being subjected to ARCADE ZONE's discriminatory policies and practices.

WHEREFORE, the Plaintiff, C.P., by his mother and next friend, Marie Parker, respectfully request that the Court provide the following relief:

a. Issue a declaratory judgment that ARCADE ZONE's policies, procedures, and practices have subjected C.P. to discrimination in violation of the Title III of the Americans with Disabilities Act;

b. Issue a permanent injunction enjoining ARCADE ZONE from continuing its discriminatory policies practices;

c. Enjoin ARCADE ZONE from any policy, procedure, or practice that will deny C.P. meaningful access to and an equal opportunity to participate in and benefit from ARCADE ZONE's services or that will exclude C.P. from its programs or services;

d. Order ARCADE ZONE to promulgate and comply with policies and procedures to ensure that ARCADE ZONE does not discriminate in the future against C.P.;

e. Order ARCADE ZONE to train all its employees and agents about its obligations pursuant to the Americans with Disabilities and about ARCADE ZONE's policies and procedures for allowing access for individuals with disabilities;

f. To provide a reasonable accommodation of their outside food policy as a reasonable accommodation for a person with a disability;

g. Prohibit ARCADE ZONE from charging a surcharge to a person with a disability for their disability-related needs and request for an accommodation;

h. Award reasonable costs and attorneys' fees; and

i. Award any and all other relief necessary and appropriate.

Respectfully submitted, this 4th day of October 2024.

By: */s/ Talhia S. Rangel*
Talhia S. Rangel, Esq.
FL Bar No.: 1018408
*Matthew W. Dietz, Esq.*
FL Bar No.: 0084905
*Leigh C. Markowitz, Esq.*
FL Bar No.: 1017900
*Attorneys for the Petitioner*
DIAL Clinic
Nova Southeastern University
Shepard Broad College of Law
3305 College Avenue
Fort Lauderdale, FL 33314
Tel: (954) 262 6138
mdietz@nova.edu
ts872@nova.edu
lmarkowi@nova.edu
jworkman@nova.edu